IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| NURIA AMONI<br><br>Plaintiff,<br><br>v.<br><br>CLARA LUCIA NUNEZ-ROMERO, D.D.S., P.L.L.C. D/B/A DENTIST SALUD<br><br>Defendant. | ) | **COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Nuria Amoni, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Amoni is an individual residing in Indian Trail, North Carolina.
2. Clara Lucia Nunez-Romero, D.D.S., P.L.L.C. ("Dentist Salud") is a professional limited liability company which is organized in the state of North Carolina and which maintains its principal place of business in Matthews, North Carolina

## JURISDICTION & VENUE

3. Dentist Salud is organized in North Carolina, maintains its principal place of business in North Carolina, hires citizens of the state of North Carolina, contracts with companies in North Carolina, and owns or rents property in North Carolina. As such, the exercise of personal jurisdiction over Dentist Salud comports with due process.
4. The wrongs herein alleged occurred at a Dentist Salud facility located in Mecklenburg County and were perpetrated by Dentist Salud and its employees working at Dentist Salud's Mecklenburg County facility. Further, Dentist Salud is organized in North Carolina and maintains its principal

place of business in North Carolina. As such, this Court has personal jurisdiction over Dentist Salud.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Amoni is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1965, as amended by the Pregnancy Discrimination Act ("Title VII"), 42 U.S.C. § 2000e *et seq*.; and the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg *et seq*.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Amoni's State Law Claims in that Amoni is alleging State Law Claims that are so related to Amoni's claims under the ADA, Title VII, and the PWFA that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district because the wrongs herein alleged occurred in this district.

## ADMINISTRATIVE REMEDIES EXHAUSTED

8. Within 180 days of the conduct alleged below, Amoni filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2025-02467 against Dentist Salud ("Charge of Discrimination").

9. On or about July 30, 2026, the EEOC issued and mailed a Notice of Right to Sue letter to Amoni regarding the Charge of Discrimination, a copy of which has been attached hereto as Plaintiff's Exhibit A.

10. Amoni has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Amoni has properly exhausted her administrative remedies.

**ADA COVERAGE**

12. At all times referenced herein, Dentist Salud was an "employer" within the meaning of 42 U.S.C. § 12111(5), in that it was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

13. At all times referenced herein, Amoni was an "employee" within the meaning of 42 U.S.C. § 12111(4), in that she was an individual employed by an employer.

**TITLE VII COVERAGE**

14. At all times referenced herein, Dentist Salud was an "employer" within the meaning of 42 U.S.C. § 2000e(b), in that it was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

15. At all times referenced herein, Amoni was an "employee" within the meaning of 42 U.S.C. § 2000e(f), in that she was an individual employed by an employer.

**PWFA COVERAGE**

16. At all times referenced herein, Dentist Salud was a "covered entity" within the meaning of 42 U.S.C. § 2000gg(1), in that it was engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

17. At all times referenced herein, Amoni was an "employee" within the meaning of 42 U.S.C. § 2000gg(3), in that she was an individual employed by an employer.

**FACTS**

18. Amoni began working for Dentist Salud as a Dental Assistant on or around March 22, 2024.

19. In November 2024, Amoni learned that she was one month pregnant.

20. During Amoni's pregnancy, she suffered from pregnancy-related complications, including anemia and thalassemia.

21. Amoni's anemia is a pregnancy-related physical impairment that causes, among other symptoms, severe fatigue, muscle weakness, and dizziness.

22. Amoni's anemia significantly limits major life activities, including her ability to move, stand, and lift without experiencing severe fatigue, muscle weakness, and dizziness.

23. Amoni's thalassemia is a pregnancy-related physical impairment that intensifies the symptoms caused by Amoni's anemia.

24. Amoni's thalassemia significantly limits major life activities, including her ability to move, stand, and lift without experiencing severe fatigue, muscle weakness, and dizziness.

25. At all times relevant to this complaint, Amoni's supervisor was Baquero Carlos.

26. At all times relevant to this complaint, Carlos had the authority to hire, fire, and discipline Amoni.

27. Carlos is male.

28. On or around November 19, 2024, Amoni informed Carlos about her pregnancy and her pregnancy-related impairments.

29. On or around November 19, 2024, Amoni informed Carlos that she needed certain reasonable accommodations due to her pregnancy-related impairments, including periodic meal breaks to help her mitigate the symptoms caused by her anemia and thalassemia ("Request for Reasonable Accommodations" or "Requested Reasonable Accommodations").

30. Amoni's Requested Reasonable Accommodations would not be an undue burden on Dentist Salud.

31. Carlos denied Amoni's Request for Reasonable Accommodations.

32. Carlos did not offer or proposed to Amoni any alternative reasonable accommodations.

33. Carlos did not engage in an interactive accommodation process.

34. Amoni's coworker, Berenice Quinones, was informed about Amoni's pregnancy and her pregnancy-related impairments.

35. Quinones chastised Amoni about her pregnancy and her pregnancy-related impairments, saying that her pregnancy was not an excuse to shirk her responsibilities.

36. On or around December 11, 2024, Carlos issued Amoni a verbal warning, claiming that Amoni's pregnancy was interfering with her ability to perform her job and that her pregnancy-related impairments were a burden on the workplace.

37. Amoni reiterated to Carlos her Request for Reasonable Accommodations and explained again how those Requested Reasonable Accommodations would help her at work.

38. Carlos again refused to grant Amoni's Request for Reasonable Accommodations.

39. Carlos again refused to engage in an interactive accommodation process

40. On or around January 6, 2025, Carlos called Amoni and instructed her not to return to work.

41. During the January 6, 2025, call, Carlos told Amoni that she was incapable of performing her duties.

42. Amoni responded to Carlos's claim that she was incapable of performing her duties by telling Carlos that her pregnancy-related medical conditions would be manageable with her Requested Reasonable Accommodations.

43. Carlos terminated Amoni.

44. Upon information and belief, Amoni was replaced by an individual who was not pregnant.

**<u>COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*</u>**

45. Amoni restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

46. Amoni suffered from disabilities.

47. Amoni's disabilities constituted a physical impairment.

48. Amoni's disabilities substantially impaired one or more of Amoni's major life activities.

49. Amoni was disabled under the ADA.

50. In the alternative, Dentist Salud perceived Amoni as being disabled.

51. Dentist Salud discriminated against Amoni because of her disabilities.

52. Dentist Salud discriminated against Amoni because it perceived Amoni as being disabled.

53. Dentist Salud discriminated against Amoni by, among other acts, terminating Amoni.

54. As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

55. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

56. To remedy the harms caused by Dentist Salud violating the ADA, Amoni asks that this Court grant the relief requested below.

**<u>COUNT II: FAILURE TO ACCOMODATE IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*</u>**

57. Amoni restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Amoni informed Dentist Salud of her disabilities.

59. Amoni requested accommodations from Dentist Salud to assist with her disabilities.

60. Amoni's requested accommodations were reasonable.

61. The requested accommodations would have been effective and would not have posed an undue hardship for Dentist Salud.

62. Dentist Salud rejected Amoni's requested accommodations.

63. Dentist Salud did not engage in an interactive accommodation process.

64. Dentist Salud violated the ADA by rejecting Amoni's requested accommodations and by not engaging in an interactive accommodation process.

65. As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

66. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

67. To remedy the harms caused by Dentist Salud's violating the ADA, Amoni asks that this Court grant the relief requested below.

**COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.***

68. Amoni restates each and every prior paragraph of this complaint, as if it were fully restated herein.

69. Amoni requested reasonable accommodations from Dentist Salud to assist with her disabilities.

70. Requesting accommodations is a protected activity under the ADA.

71. Amoni opposed the denial of her requested reasonable accommodations.

72. Opposing an employer's violations of the ADA is a protected activity under the ADA.

73. Subsequent to Amoni's protected activities, Dentist Salud terminated Amoni.

74. Dentist Salud's actions were retaliatory in nature based on Amoni's protected activities.

75. As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

76. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

77. To remedy the harms caused by Dentist Salud violating the ADA, Amoni asks that this Court grant the relief requested below.

**COUNT IV: SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e, *et seq*.**

78. Amoni restates each and every paragraph of this complaint as if it were fully restated herein.

79. Pursuant to 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer to discriminate against an employee "because of such individual's…sex."

80. Pursuant to 42 U.S.C. § 2000e(k), "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions"

81. Amoni is female.

82. During her employment at Dentist Salud, Amoni became pregnant.

83. During her employment at Dentist Salud, Amoni experienced pregnancy-related medical conditions.

84. For the entirety of Amoni's employment with Dentist Salud, Amoni was qualified for her position.

85. Amoni was discriminated against because of her sex, including her pregnancy and related medical conditions.

86. Dentist Salud terminated Amoni because of her sex, including her pregnancy and related medical conditions.

87. Dentist Salud violated Title VII by discriminating against and terminating Amoni because of her sex.

88. As a result of Dentist Salud's discrimination, Amoni suffered damages including but not limited to lost wages.

89. Amoni has suffered severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

90. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

91. To remedy the violations of Amoni's rights, secured by 42 U.S.C. § 2000e *et seq.*, Amoni requests that the Court award him the relief prayed for below.

**COUNT V: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e, *et seq.***

92. Amoni restates each and every prior paragraph of this complaint, as if it were fully restated herein.

93. Amoni opposed Dentist Salud's unlawful acts of sex discrimination in her employment by, among other acts, complaining about and objecting to her supervisor's discriminatory treatment of her on the basis of her pregnancy and pregnancy-related medical conditions.

94. Opposing an employer's unlawful acts of sex discrimination in employment is a protected activity under Title VII.

95. Subsequent to Amoni's protected activities, Dentist Salud terminated Amoni.

96. Dentist Salud's actions were retaliatory in nature based on Amoni's protected activities.

97. As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

98. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

99. To remedy the harms caused by Dentist Salud violating Title VII, Amoni asks that this Court

grant the relief requested below.

**<u>COUNT VI: VIOLATION OF 42 U.S.C. § 2000gg *et seq*.</u>**

100.Amoni restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101.Amoni informed Dentist Salud of her pregnancy-related limitations.

102.Amoni requested accommodations from Dentist Salud to assist with her pregnancy-related limitations.

103.Amoni's requested accommodations were reasonable.

104.The requested accommodations would have been effective and would not have posed an undue hardship for Dentist Salud.

105. Dentist Salud rejected Amoni's requested accommodations.

106.Dentist Salud did not engage in an interactive accommodation process.

107.Dentist Salud violated the PWFA by rejecting Amoni's requested accommodations and by not engaging in an interactive accommodation process.

108.As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

109.In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

110.To remedy the harms caused by Dentist Salud's violating the PWFA, Amoni asks that this Court grant the relief requested below.

**<u>COUNT VII: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000gg, *et seq*.</u>**

111.Amoni restates each and every prior paragraph of this complaint, as if it were fully restated herein.

112.Amoni requested accommodations from Dentist Salud to assist with her pregnancy-related

limitations.

113. Amoni's requested accommodations were reasonable.

114. The requested accommodations would have been effective and would not have posed an undue hardship for Dentist Salud.

115. Requesting accommodations for pregnancy-related limitations is a protected activity under the PWFA.

116. Subsequent to Amoni's protected activities, Dentist Salud terminated Amoni.

117. Dentist Salud's actions were retaliatory in nature based on Amoni's protected activities.

118. As a direct and proximate result of Dentist Salud's conduct, Amoni suffered and will continue to suffer damages, including economic and emotional distress damages.

119. In its discriminatory actions as alleged above, Dentist Salud acted with malice or reckless indifference to Amoni's rights, thereby entitling Amoni to an award of punitive damages.

120. To remedy the harms caused by Dentist Salud violating the PWFA, Amoni asks that this Court grant the relief requested below.

**COUNT VIII: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

121. Amoni restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. A clear public policy exists and is manifested in North Carolina statutes, administrative regulations, or in the common law against discriminating against employees because of their sex and disabilities.

123. In particular, Defendant's conduct violated the public policies expressed in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*

124. Defendant's termination of Amoni jeopardizes these public policies.

125. Defendant's termination of Amoni was motivated by conduct related to these public policies.

126.Defendant had no overriding business justification for terminating Amoni.

127.As a direct and proximate result of Defendant's conduct, Amoni has suffered and will continue to suffer damages, including economic and emotional distress damages.

128.To remedy the violations of public policy, Amoni requests that the Court award her the relief prayed for below.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Nuria Amoni demands that this Court enter judgment in her favor and against Defendant and award the following relief:

(a) Declare that Defendant's conduct violated the ADA, Title VII, the PWFA, and the public policy of the State of North Carolina;

(b) Order Defendant to take all affirmative and equitable actions necessary to eliminate the effects of its unlawful employment practices and prevent their recurrence, including, but not limited to, removing, rescinding, and expunging from Plaintiff's personnel file and employment records any disciplinary actions, corrective actions, counseling records, investigative findings, negative documentation, and termination records arising from the discriminatory and retaliatory conduct alleged herein;

(c) Award Plaintiff an award of front pay in an amount to be determined at trial;

(d) Award Plaintiff all back pay, lost wages, lost employment benefits, lost retirement benefits, lost earning capacity, future wages and benefits, and all other economic damages resulting from Defendant's unlawful conduct, together with prejudgment interest thereon, pursuant to all applicable provisions of law;

(e) Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, depression, anxiety, loss of self-esteem, loss of self-confidence,

damage to reputation, emotional pain and suffering, and all other non-economic losses recoverable under applicable law, including pursuant to applicable provisions of law;

(f) Award Plaintiff liquidated damages as provided by any applicable provisions of law;

(g) Award Plaintiff punitive damages based upon Defendant's malicious, reckless, willful, and/or callous disregard of Plaintiff's federally protected rights, pursuant to all applicable provisions of law;

(h) Award Plaintiff damages for wrongful discharge in violation of North Carolina public policy, including all compensatory damages recoverable under North Carolina law;

(i) Award prejudgment and post-judgment interest as permitted by law;

(j) Award Plaintiff her reasonable attorneys' fees, expert witness fees, litigation expenses, and costs of this action pursuant to all applicable provisions of law;

(k) Award Plaintiff all taxable and non-taxable costs incurred in prosecuting this action; and

(l) Award such other legal, equitable, declaratory, injunctive, and further relief as the Court deems just, proper, and necessary to fully compensate Plaintiff and to effectuate the remedial purposes of the ADA, Title VII, the PWFA, and the public policy of the State of North Carolina.

This the 28th day of October, 2026.

Respectfully submitted,

*<u>/s/ Stephen Loelius</u>*
Stephen Loelius (62520)
M. Janelle Lyons (35421)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
5540 Centerview Drive, Suite 200
Raleigh, NC 27606
Phone: (984) 263-0486
Fax: (216) 291-5744
Email: Stephen.loelius@spitzlawfirm.com
Janlle.Lyons@spitzlawfirm.com

*Attorneys For Plaintiff*

**JURY DEMAND**

Plaintiff Nuria Amoni demands a trial by jury by the maximum number of jurors permitted.

*/s/ Stephen Loelius*
Stephen Loelius (62520)
**SPITZ, THE EMPLOYEE'S LAW FIRM**